United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PEACOCK TILE AND MARBLE INC, a California corporation, CHRISTYNE GRACE PAVONE, and Does 1-10,<br><br>Defendants.<br>_____/ | No. C-11-03859-DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Before this court is Plaintiff's Motion for Leave to File Amended Complaint ("Motion"). [Docket No. 49.] Plaintiffs have settled against the originally named Defendants Peacock Tile and Marble Inc. ("Peacock Tile") and Christyne Grace Pavone ("Christyne Pavone"). *See* Consent Decree Pursuant to Settlement Agreement [Docket No. 46]. Plaintiffs now seek leave to file a First Amended Complaint ("FAC") to add as defendants Doug Pavone, Pavone Tile and Marble Co., Inc. ("Pavone Tile"), San Jose Construction Co., Inc. ("SJC"), Homesite, Inc. ("Homesite"), and South Bay Construction, Inc. ("SBC"). For the reasons stated below, the motion is granted.

## I. BACKGROUND

This case is about the alleged transfer of work from a union-signatory tile contractor (Pavone Tile, owned by Doug Pavone) to its non-union alter ego (Peacock Tile, owned by Christyne Pavone,

Doug Pavone's wife). Complaint [Docket No. 1] at ¶¶ 10-16; Motion at 5. Plaintiffs allege that the transfer was Pavone Tile's attempt to avoid paying union wages and making employee benefits payments to the union trust fund to which Peacock Tile was obligated to contribute. Motion at 5.

On August 5, 2011, Plaintiffs filed the Complaint, listing only Peacock Tile and Christyne Pavone as defendants. Complaint at 1. The Complaint alleged that "Douglas Pavone is Pavone Tile's President" and "Plaintiffs are informed and believe and thereupon allege that the business of Defendant Peacock Title is operated by Douglas Pavone, not by Defendant Christyne Pavone, and . . . that Pavone Tile and Defendant Peacock Tile are 'alter egos' of each other within the meaning of federal labor law." *Id.* at ¶¶ 11-12. Plaintiffs declined to name Doug Pavone and Pavone Tile as defendants because they "are defendants in a related action pending in the Northern District of California, but that action is stayed by bankruptcy petitions filed by Pavone Tile and Douglas Pavone."[1] *Id.* at ¶ 11 n. 3; *see also* Declaration of John J. Davis, Jr. ("Davis Decl.") at ¶¶ 1, 7, 11. Plaintiffs assert that if they had named Doug Pavone and Pavone Tile in this action when it was filed, they would have had to pursue "not only the instant litigation in this Court . . . but also expensive bankruptcy-court litigation against the apparently insolvent Pavone Tile and Doug Pavone." Motion at 8.

At the Initial Case Management Conference on November 16, 2011, this court issued a scheduling order that set an 90-day deadline for filing an amended complaint. *See* Docket No. 20. Plaintiffs did not amend the complaint within this 90-day period.

Plaintiffs claim that during the course of discovery, they received information that led them to other potential defendants. Motion at 6. In February 2012, Plaintiffs received documents from a bank which showed that Homesite and SBC, general contractors working with Pavone Tile, aided and abetted Pavone Tile and Doug Pavone's scheme. Davis Decl. at ¶¶ 16-18, 27. On July 17, 2012, Plaintiffs received documents from SJC allegedly showing that SJC aided and abetted Pavone

---

[1] The other action appears to be *Bricklayers and Allied Craftworkers Local Union No. 3, AFL-CIO et al v. Pavone Tile and Marble Co., Inc. et al*, Case No. 10-CV-3983-NC (N.D. Cal.). The complaint, which named Doug Pavone, Pavone Tile, and an indemnity company, was filed on September 3, 2010. The case was stayed on July 11, 2011 because Doug Pavone filed for Chapter 7 bankruptcy on June 22, 2011, and Pavone Tile filed for Chapter 7 bankruptcy on January 20, 2011. *Id.* at Docket No. 31.

2

Tile and Doug Pavone's fraud. *Id.* at ¶ 21. On August 15, 2012, Plaintiffs deposed Doug Pavone, who implicated several general contractors, including Homesite and SBC, in the alleged fraud. *Id.* at ¶¶ 19-20, 27. During that deposition, Plaintiffs also claim to have "received new information about Doug Pavone's participation in the alter-ego scheme and his use of the Pavo Enterprises account." Mot. at 15, Davis Decl. at ¶¶ 19-20.

On September 26, 2012, Plaintiffs informed this court that they would seek leave to add new Defendants. The court ordered Plaintiffs to amend the complaint to add the additional parties "as soon as possible." Civil Conference Minute Order [Docket No. 33]. In the meantime, the case continued to develop. In November and December 2012, Plaintiffs received documents from SBC showing that SBC helped Doug Pavone by transferring bids and contracts from Pavone Tile to Peacock Tile. Davis Decl. at ¶¶ 24-26. On December 6, 2012, the final decree was entered in Pavone Tile's bankruptcy case.[2] *Id.* at ¶ 3. In addition, in late January and early February 2013, Plaintiffs were in the process of settling with Peacock Tile and Christyne Pavone, as well as two unnamed potential defendants. Davis Decl. at ¶¶ 31-34; Docket No. 46.

On January 14, 2013, the court ordered the parties to file a joint status report. [Docket No. 39.] On January 18, 2013, the parties filed a joint status report, in which Plaintiffs stated they would move the court for leave to file amend the FAC by February 8, 2013. [Docket No. 40.] On February 7, 2013, Plaintiffs filed an amended status report stating: "Due to unforeseen demands from other litigation, Plaintiff Trustees' attorneys have not been able to meet the filing goals set forth in the January 18, 2013 joint status report . . . . No later than February 22, 2013, Plaintiffs will move the Court for leave to file a First Amended Complaint asserting the liability of those other persons and firms." Docket No. 41 at 2. At the Case Management Conference on February 13, 2013, the court ordered Plaintiffs to file leave to amend the Complaint by no later than February 28, 2013. On February 28, 2013, Plaintiffs filed this Motion.

## II. LEGAL STANDARD

---

[2] Bankruptcy proceedings involving Doug Pavone are still ongoing; the proposed FAC asserts claims against Doug Pavone that arose *after* his bankruptcy. Davis Decl. at ¶¶ 5-6, Motion at 10.

3

Under Federal Rule of Civil Procedure 15(a), leave to amend should be granted as a matter of course, at least until the defendant files a responsive pleading. After that point, leave to amend should be granted unless amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay. Fed. R. Civ. P. 15(a). Rule 15(a) provides that the court should "freely give leave when justice so requires." *Id.* "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In the absence of an "apparent reason," such as undue delay, bad faith, dilatory motive, prejudice to defendants, futility of the amendments, or repeated failure to cure deficiencies in the Complaint by prior amendment, it is an abuse of discretion for a district court to refuse to grant leave to amend a complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

However, a request for leave to amend made after the entry of a Rule 16 Scheduling Order is governed primarily by Rule 16(b), not Rule 15(a). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). In such cases, a party who requests leave to amend after the date specified in the initial scheduling order must satisfy two prerequisites. *Johnson*, 975 F.2d at 608 (citation omitted). The party must first demonstrate that there is some "good cause" why the court should not adhere to the dates specified in the scheduling order. If the party shows "good cause" to the court's satisfaction, the party must then demonstrate that leave to amend is proper under Rule 15. *Id. See also C.F. v. Capistrano Unified Sch. Dist.*, 656 F. Supp. 2d 1190, 1194-96 (C.D. Cal. 2009) *aff'd sub nom*, *C.F. ex rel. Farnan v. Capistrano Unified Sch. Dist.*, 654 F.3d 975 (9th Cir. 2011).

### III. DISCUSSION

This Motion comes long after the 90-day deadline this court set forth in the November 16, 2011 scheduling order to amend the complaint, and is thus subject to Rule 16, which requires Plaintiffs to demonstrate good cause for leave to amend.

Rule 16's "good cause" standard focuses on the diligence of the party seeking amendment. *Johnson,* 975 F.2d at 609. As the Ninth Circuit has stated:

> A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose

4

an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, then the inquiry should end.

*Id.* (citations omitted).

Plaintiffs' Motion only analyzes the appropriateness of leave to amend under the Rule 15 standard. None of the cases Plaintiffs cite discuss the "good cause" requirement under Rule 16(b). Here, Plaintiffs explain that additional discovery obtained between February and December 2012 implicated additional defendants in Doug Pavone's alleged scheme, and that they delayed filing this motion to amend the complaint in order to focus on settling the matter with the named defendant and other unnamed potential defendants.

The court set deadlines after consulting with the parties and considering the overall needs of the case. Plaintiffs did not meet the original amendment deadline, nor did they adhere to the court's instructions at the September 26, 2012 status conference. This raises the concern that Plaintiffs are not attentive to nor respectful of the court's case management plan. Plaintiffs should have done more to communicate with the court as issues arose, rather than make excuses after the fact. Despite this less than ideal approach, the court cannot say that Plaintiffs have demonstrated a lack of diligence in pursuing the additional defendants. The court thus finds that Plaintiffs have shown good cause for allowing this tardy amendment.

Having found that Plaintiffs have satisfied the Rule 16 good cause requirement for leave to amend, the court must consider whether leave to amend under Rule 15 is proper. The court should "freely give" leave to amend under Rule 15 unless there is an "apparent reason" not to, such as bad faith, futility, or if leave creates undue delay. Fed. R. Civ. P. 15(a). The court finds no apparent reason not to grant leave to amend under Rule 15. No potential party will suffer prejudice if leave to amend is granted. Doug Pavone has been on notice since the August 28, 2012 settlement conference that Plaintiffs were considering naming him as a defendant. Davis Decl. at ¶ 29. The settlement agreement specifically noted that Plaintiffs were not barred from naming Doug Pavone as

a defendant. *Id.* As to the corporate defendants, Plaintiffs identified their potential legal liability relatively recently through discovery in this case. It is in the interests of judicial economy that Plaintiffs amend the complaint in this matter rather than initiate a new action against newly named defendants before a different court.

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Leave to File Amended Complaint is GRANTED. The proposed First Amended Complaint [Docket No. 49-1] is hereby deemed filed.

IT IS SO ORDERED.

Dated: May 13, 2013

DONNA M. RYU
United States Magistrate Judge