**DAVIS, COWELL & BOWE, LLP**
JOHN J. DAVIS, JR., SBN 65594
  *jjdavis@dcbsf.com*
SARAH GROSSMAN-SWENSON, SBN 259792
  *sgs@dcbsf.com*
ELIZABETH Q. HINCKLE, SBN 273553
  *eqh@dcbsf.com*
595 Market Street, Suite 1400
San Francisco, CA 94105
Tel**.**:  (415) 597-7200
Fax**:**  (415) 597-7201

*Attorneys for Plaintiffs*

[Additional Counsel Listed
on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES of the NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST FUND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> PEACOCK TILE AND MARBLE, INC., *et al.*, <br><br> Defendants. | Case No. 11-CV-3859 DMR <br><br> **STIPULATION re: SETTLEMENT and DISMISSAL of DEFENDANTS SAN JOSE CONSTRUCTION CO., INC.; HOMESITE SERVICES, INC.; and S.B.C.C., INC.** <br> **and** <br> **[proposed] ORDER** <br> **[Fed. R. Civ. P. 41(a)(1)(A)(ii)]** <br><br> Judge:    Magistrate Judge Donna Ryu <br><br> Location:  Courtroom No. 4, 3rd Floor <br>          Oakland Courthouse <br>          1301 Clay Street <br>          Oakland, CA 94612 |

## STIPULATION

Plaintiffs Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund ("Plaintiffs") have reached separate settlement agreements with Defendants San Jose Construction Co., Inc. ("SJCC"), Homesite Services, Inc. ("Homesite"), and S.B.C.C., Inc. d/b/a South Bay Construction Inc. ("South Bay Construction" or "SBCC"), respectively.  Plaintiffs, SJCC, Homesite, SBCC and Doug Pavone (collectively, "Parties"), by and through their attorneys, hereby stipulate as follows:

**Stipulation re: settlement and dismissal of Defendant SJCC:**

1.  Plaintiffs have alleged in this Action that Defendant SJCC aided and abetted Defendants Doug Pavone, Christyne Pavone, Pavone Tile & Marble Co., Inc., and Peacock Tile & Marble, Inc., in evading Pavone Tile's obligations to make fringe-benefit contributions to Plaintiffs under Pavone Tile's collective bargaining agreements with Bricklayers and Allied Crafts Local Union No. 3.  Plaintiffs have alleged that Peacock Tile is the labor-law alter-ego of Pavone Tile.  Plaintiffs seek damages and injunctive relief.

2.  Plaintiffs and Defendant SJCC have reached a Settlement Agreement, Exhibit 1 hereto, the terms of which are incorporated herein by this reference.

3.  Plaintiffs and Defendant SJCC hereby stipulate to the Settlement Agreement and request that the Court enter the Settlement Agreement's terms as an Order of the Court.

4.  Pursuant to the Agreement, Plaintiffs and Defendant SJCC stipulate that:

    a.  Defendant SJCC will pay Plaintiffs $235,000.00 (TWO HUNDRED THIRTY-FIVE THOUSAND DOLLARS AND NO CENTS) in a series of four payments:

        i.  $100,000 on or before June 1, 2014, or within 10 days of the execution of the Agreement, whichever is later;

        ii.  $50,000 by August 15, 2014;

        iii.  $50,000 by November 1, 2014; and

iv.   $35,000 by January 15, 2015.

b.   Upon Defendant SJCC's payment of the amount provided for in Paragraph 4.a.i. above, Plaintiffs will so inform the Court and Plaintiffs' claims alleged in the Amended Complaint against Defendant SJCC will be dismissed without prejudice.  Upon payment of all amounts provided-for in Paragraph 4.a, Plaintiffs will so inform the Court and Plaintiffs' claims alleged in the Amended Complaint against Defendant SJCC will thereupon be dismissed with prejudice.

c.   With respect to California state law claims asserted in the Amended Complaint, the Parties agree that this is a good faith settlement within the meaning of California Code of Civil Procedure § 877.

d.   Plaintiffs and Defendant SJCC agree that the Settlement Agreement represents a compromise for purposes of settling disputed claims, and is not an admission of wrongdoing, fault, liability, or damages by, on behalf of, or with respect to any Party.

e.   The Court will retain jurisdiction to enforce the terms of the Settlement Agreement.  If Defendant SJCC does not deliver the above-described checks by the dates above (or within such additional time as Plaintiffs may grant in their sole discretion), or if any check is not paid by the bank on which it is drawn, then Plaintiffs may, at their sole option, either enforce the Agreement through further proceedings in this action or declare the Settlement Agreement to be null and void.  If Plaintiffs declare the Settlement Agreement to be null and void, they will be entitled to pursue the claims asserted against Defendant SJCC in the Amended Complaint without limitation.  Any litigation for the purposes described in this Paragraph will be governed by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

5.   The Court shall retain jurisdiction to enforce the Settlement Agreement.

**Stipulation re: settlement and dismissal of Defendant Homesite:**

1.   Plaintiffs have alleged in this Action that Defendant Homesite aided and abetted Defendants Doug Pavone, Christyne Pavone, Pavone Tile & Marble Co., Inc., and Peacock Tile & Marble, Inc., in evading Pavone Tile's obligations to make fringe-benefit contributions to Plaintiffs under Pavone Tile's collective bargaining agreements with Bricklayers and Allied Crafts

1  Local Union No. 3.  Plaintiffs have alleged that Peacock Tile is the labor-law alter-ego of Pavone

2  Tile.  Plaintiffs seek damages and injunctive relief.

3      2.    Plaintiffs and Defendant Homesite have reached a Settlement Agreement, Exhibit 2

4  hereto, the terms of which are incorporated herein by this reference.

5      3.    Upon Defendant Homesite's payment of $107,000 into the trust account of

6  Plaintiffs' attorneys, this action will be dismissed as to Defendant Homesite with prejudice.

7  **Stipulation re: settlement and dismissal of Defendant SBCC:**

8      1.    Plaintiffs have alleged in this Action that Defendant SBCC aided and abetted

9  Defendants Doug Pavone, Christyne Pavone, Pavone Tile & Marble Co., Inc., and Peacock Tile &

10  Marble, Inc., in evading Pavone Tile's obligations to make fringe-benefit contributions to

11  Plaintiffs under Pavone Tile's collective bargaining agreements with Bricklayers and Allied Crafts

12  Local Union No. 3.  Plaintiffs have alleged that Peacock Tile is the labor-law alter-ego of Pavone

13  Tile.  Plaintiffs seek damages and injunctive relief.

14      2.    Plaintiffs and Defendant SBCC have reached a Settlement Agreement, Exhibit 3

15  hereto, the terms of which are incorporated herein by this reference.

16      3.    Plaintiffs and Defendant SBCC hereby stipulate to the Settlement Agreement and

17  request that the Court enter the Settlement Agreement's terms as an Order of the Court.

18      4.    Pursuant to the Agreement, Plaintiffs and Defendant SBCC stipulate that:

19      a.  Defendant SBCC will pay Plaintiffs $250,000.00 (TWO HUNDRED FIFTY

20          THOUSAND DOLLARS AND NO CENTS) in a series of four payments:

21          i.  $100,000 within 10 days of the execution of the Agreement;

22          ii.  $50,000 by June 15, 2014;

23          iii.  $50,000 by September 15, 2014; and

24          iv.  $50,000 by December 15, 2014.

25      b.  Upon Defendant SBCC's payment of the amount provided-for in Paragraph

26  4.a.i. above, Plaintiffs will so inform the Court and Plaintiffs' claims alleged in the Amended

27  Complaint against Defendant SBCC will be dismissed without prejudice.  Upon payment of all

28  amounts provided-for in Paragraph 4.a, Plaintiffs will so inform the court and Plaintiffs' claims

3

alleged in the Amended Complaint against Defendant SBCC will thereupon be dismissed with prejudice.

       c.   With respect to California state law claims asserted in the Amended Complaint, the Parties agree that this is a good faith settlement within the meaning of California Code of Civil Procedure § 877.

       d.   Plaintiffs and Defendant SBCC agree that the Settlement Agreement represents a compromise for purposes of settling disputed claims, and is not an admission of wrongdoing, fault, liability, or damages by, on behalf of, any Party.

       e.   The Court will retain jurisdiction to enforce the terms of the Settlement Agreement.  If Defendant SBCC does not deliver the above-described checks by the dates above (or within such additional time as Plaintiffs may grant in their sole discretion), or if any check is not paid by the bank on which it is drawn, then Plaintiffs may, at their sole option, either enforce the Agreement through further proceedings in this action or declare the Settlement Agreement to be null and void.  If Plaintiffs declare the Settlement Agreement to be null and void, they will be entitled to pursue the claims asserted against Defendant SBCC in the Amended Complaint without limitation.  Any litigation for the purposes described in this Paragraph will be governed by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

    5.   The Court shall retain jurisdiction to enforce the Settlement Agreement.

**Stipulation of Defendant Doug Pavone**

Defendant Doug Pavone stipulates that Plaintiffs' claims against Defendants SJCC, Homesite and SBCC be dismissed on the bases set forth above, and Pavone agrees that each of the settlements described above is a good faith settlement within the meaning of California Code of

/ / / /

/ / / /

/ / / /

/ / /

/ /

/

4

Civil Procedure § 877 and extinguishes any claim(s) Pavone may have or might assert against the settling defendants.

**IT IS SO STIPULATED.**

Dated: May 12, 2014

**DAVIS, COWELL & BOWE, LLP**

*I attest that concurrence in the filing of this document has been given by each of the other signatories indicated by a /s/.*

By: ___/s/ John J. Davis, Jr._____
John J. Davis, Jr.
Sarah Grossman-Swenson
*Attorneys for Plaintiffs*

Dated: May 12, 2014

**MILLER, MORTON, CAILLAT & NEVIS, LLP**

By:___/s/ Daniel J. Nevis_____
William K. Hurley
Daniel J. Nevis
*Attorneys for Defendant San Jose Construction Co., Inc.*

Dated: May 9, 2014

**GAGAN, McCOY, McMAHON, KOSS, MARKOWITZ & RAINES**

By:___/s/ Richard Raines_____

Richard Raines

*Attorneys for Defendant Homesite Services, Inc.*

Dated: May 12, 2014

**SWEENEY, MASON, WILSON & BOSOMWORTH**

By:___/s/ Roger M. Mason_____
Roger M. Mason
Kristen E. Green
*Attorneys for Defendant S.B.C.C., Inc., d/b/a South Bay Construction, Inc.*

/ /

5

Dated:  May 12, 2014                    **KORNFIELD, NYBERG, BENDES &**
                                        **KUHNER, P.C.**

                                        By:  ___*/s/ Chris D. Kuhner*_____
                                        Chris D. Kuhner
                                        *Attorneys for Defendant Doug Pavone*

### ORDER

The foregoing stipulation is approved.  Accordingly,

**IT IS SO ORDERED.**

Dated:__O c{'45_____, 2014

                                        DONNA M. RYU
                                        United States Magistrate Judge

6

# EXHIBIT 1

# SETTLEMENT AGREEMENT

## I.  PURPOSE

This Settlement Agreement is entered into by and among the following parties:

Plaintiffs:  Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund ("Plaintiffs" or "Trustees").

Defendant:  San Jose Construction Co., Inc. ("Defendant" or "SJCC").

The parties have entered into this Settlement Agreement to compromise and settle all of their differences and claims as described herein.  This Settlement Agreement fully resolves and settles all claims Plaintiffs assert against Defendant SJCC in the action entitled *Trustees of the Northern Cal. Tile Industry Pension Trust Fund et al. v. Peacock Tile & Marble, Inc.*, Case No. 11-cv-03859-DMR, pending in the United States District Court for the Northern District of California, the Honorable Magistrate Judge Donna M. Ryu presiding (the "Lawsuit").  This Agreement does not settle or resolve any of the Trustees' claims against any other party or Defendant or any other person or entity that may be liable for the harm alleged in the Lawsuit's complaint, excepting Defendant SJCC.

This Settlement Agreement reflects the written agreement and settlement terms to which Plaintiffs and Defendant SJCC agreed at the March 4, 2014, mediation with Mediator Joseph R. Grodin, and subsequent discussions between counsel for Plaintiffs and Defendant SJCC.

## II.  DEFINITIONS

**A.**    **Agreement.**  The "Agreement" refers to this Settlement Agreement.

**B.**    **Plaintiffs.**  "Plaintiffs" refers to Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund.

**C.**    **Defendant.**  Defendant refers to SJCC, also known as San Jose Construction Co., Inc.

D. **Other Defendants.** "Other Defendants" refers to Defendant S.B.C.C., Inc., Defendant Homesite Services Inc., Defendant Doug Pavone, and Defendant Pavone Tile & Marble Co. Inc.

E. **The Parties.** "The Parties" refers to the parties to this Agreement, namely, Plaintiffs and Defendant SJCC.

F. **Lawsuit.** The "Lawsuit" refers to the action entitled *Trustees of the Northern Cal. Tile Industry Pension Trust Fund et al. v. Peacock Tile & Marble, Inc.*, Case No. 11-cv-03859-DMR, pending in the United States District Court for the Northern District of California, the Honorable Magistrate Judge Donna M. Ryu presiding.

## III. SETTLEMENT CONSIDERATION

In consideration of the mutual agreements and promises of each other, Plaintiffs and Defendant SJCC hereby agree as follows:

A. **Monetary Payment.** Defendant SJCC shall pay Plaintiffs $235,000 (TWO HUNDRED THIRTY-FIVE THOUSAND DOLLARS AND NO CENTS) by delivering a series of checks, by the dates specified below, to Plaintiffs' attorneys, Davis, Cowell & Bowe, LLP. All of the below-described checks shall be made payable to the "Davis, Cowell & Bowe Trust Account."

    1. On or before June 1, 2014 or within 10 days of the execution of this Agreement, whichever is later, Defendant SJCC shall deliver a check in the amount of $100,000 (ONE HUNDRED THOUSAND DOLLARS AND NO CENTS). This sum will be held in the Davis, Cowell & Bowe Trust Account pending the Court's approval of the Parties' Stipulation re Settlement and Dismissal of SJCC.

    2. By August 15, 2014, Defendant SJCC shall deliver a check in the amount of $50,000 (FIFTY THOUSAND DOLLARS AND NO CENTS).

    3. By November 1, 2014, Defendant SJCC shall deliver a check in the amount of $50,000 (FIFTY THOUSAND DOLLARS AND NO CENTS).

    4. By January 15, 2015, Defendant SJCC shall deliver a check in the amount of $35,000 (THIRTY-FIVE THOUSAND DOLLARS AND NO CENTS) to Plaintiffs' attorneys, Davis, Cowell & Bowe, LLP.

**B.** **Failure to Deliver Checks.** If Defendant SJCC does not deliver the above-described checks by the dates above (or within such additional time as Plaintiffs may grant in their sole discretion), or if any check is not paid by the bank on which it is drawn, then Plaintiffs will give notice of default to SJCC's attorneys and SJCC will have five days within which to cure the default. Should SJCC not cure the default within five days, Plaintiffs may, at their sole option, either enforce this Agreement through further proceedings in the Lawsuit or declare this Agreement to be null and void. If Plaintiffs declare this Agreement to be null and void, they will be entitled to pursue the claims asserted against Defendant SJCC in the Lawsuit without limitation. Any litigation for the purposes described in this Paragraph will be governed by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**C.** **Allocation of monies paid.** The monies paid by SJCC pursuant to this Agreement will be allocated as follows:

| | | |
|---|---|---|
| Fringe Benefit Contributions: | 50.2% | $117,970 |
| Liquidated Damages: | 10.0% | $23,500 |
| Interest: | 15.6% | $36,660 |
| Attorneys' Fees: | 23.2% | $54,520 |
| Auditors' Fees | 1.0% | $2,350 |

**D.** **Dismissal as to SJCC.** In consideration for the settlement payments provided for herein, upon Defendant SJCC's payment of the amount provided-for in Paragraph III.A.1. above, Plaintiffs' claims against Defendant SJCC will be dismissed without prejudice. Upon payment of all amounts provided-for in Paragraph III.A, all of Plaintiffs' claims against Defendant SJCC alleged in this Action will be dismissed with prejudice.

**E.** **No Admissions.** The Parties agree that this Agreement represents a compromise for the purpose of settling disputed claims, and nothing contained herein shall be construed as an admission of wrongdoing, fault, liability, or damages by, on behalf of, or with respect to any Party.

## IV. EXECUTION AND FILING OF STIPULATION & PROPOSED ORDER INCORPORATING SETTLEMENT AGREEMENT

**A.** **Filing Stipulation & Order; Dismissal as to SJCC.** With 15 days after (1) execution of this Agreement, and (2) confirmation that the $100,000 check referenced in paragraph III.A.1 has been paid by the bank on which it has been drawn, Plaintiffs and SJCC will promptly execute and file a Stipulation and Order with the Court, incorporating the terms of this Settlement Agreement, stipulating

to dismissal of the claims asserted against SJCC in the Amended Complaint Plaintiffs' claims as provided-for in Paragraph III. C. above.

B.   **Court's Retention of Jurisdiction.**  Plaintiffs and SJCC agree and stipulate that the Court will retain jurisdiction to enforce this Settlement Agreement or for further proceedings as provided-for in Paragraph III.B. above.

C.   **Good Faith Settlement.** With respect to California state law claims asserted in the Amended Complaint, the Parties agree that this is a good-faith settlement within the meaning of California Code of Civil Procedure section 877.

## V.   MUTUAL RELEASES

A.   **Plaintiffs' Release.**  In consideration for entering into this Agreement and upon receiving the payments provided-for above from Defendant SJCC, Plaintiffs, for themselves and their co-trustees, successors, agents, attorneys, and representatives, agree to release Defendant SJCC and its officers, agents, attorneys and representatives from any and all claims and liability arising from the acts and events described in the Amended Complaint.

B.   **Defendant's Release.**  In consideration for entering this Agreement and obtaining the above release and other consideration, Defendant SJCC and their officers, directors, agents, attorneys, and representatives agree to release Plaintiffs and their heirs, agents, attorneys, officers and representatives from any and all claims and liability based on events occurring up to the point of signing this Agreement.

C.   **Other Defendants.** This settlement does not in any way limit Plaintiffs' rights to proceed against the Other Defendants, or other individuals or entities that may be responsible for the harm described in the complaint, excepting Defendant SJCC, nor does it in any way limit the Plaintiffs' rights to use the evidence previously obtained in discovery in this action.

D.   **California Civil Code § 1542 Waiver.** The Parties acknowledge and agree that the mutual general releases contained in Section V.A and B, above apply to all claims for damages, losses, restitution, or injunction, whether known or unknown, which Plaintiffs may have against Defendant SJCC, or which Defendant SJCC may have against Plaintiffs arising from the acts and events described in the Amended Complaint.  Plaintiffs and Defendant SJCC hereby waive application of Cal. Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,

WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## VI.   CONFIDENTIALITY AND PRIVILEGE WAIVERS

**A.**   **Mediation Confidentiality/Privilege.**  In accord with the Confidentiality
Agreement the Parties signed at mediation, the Parties agree to waive any
mediation confidentiality or privilege, including Federal Rule of Evidence 408, to
the extent necessary for enforcing the terms of this Settlement Agreement.

**B.**   **Admissibility of Settlement Agreement.**  This Settlement Agreement shall be
admissible in a court of law or other proceeding.

## VII.   MISCELLANEOUS PROVISIONS

**A.**   **Warranty of Authority.**  Each Party who executes this Agreement warrants that
he or she has the authority to bind the person or entity on whose behalf he or she
signs and that he or she is authorized to sign on behalf of the principal.

**B.**   **Right to Consult Attorney.**  Each Party acknowledges that each of them has read
this Agreement and has had the opportunity to consult with attorneys as to the
meaning and legal effect of the Agreement.

**C.**   **Voluntary Execution of Agreement.** The Parties acknowledge, agree and
understand that each of them executes this Agreement voluntarily and without any
duress or undue influence on the part of, or on behalf of, any person or entity; and
that no promise, inducement or agreement not expressed herein has been made to
the others.

**D.**   **Acts in Furtherance of this Agreement.**  The Parties agree to execute, deliver
and, where appropriate, file any and all documents required to carry out this
Agreement.

**E.**   **Mutual Drafting.**  This Agreement is the product of negotiations and preparation
by and among the Parties and their respective counsel.  The Parties agree that this
Agreement shall not be deemed prepared or drafted by one Party or another, or by
one Party's or another's attorneys.  The language of this Agreement shall be
construed according to its fair meaning, and not strictly for or against any of the
Parties.  The Parties expressly waive the provisions of Cal. Civ. Code § 1654.

**F.**   **Applicable Law.**  This Agreement shall be construed and enforced in accordance
with the laws of the United States and, where applicable, California law.

G.   **Costs and Fees.**  Plaintiffs and Defendant SJCC shall each bear their own costs and attorneys' fees arising from or related to the Action, except as allocated in Paragraph III.C. above, and except in the case of breach by SJCC.  This Agreement does not release anyone other than the Parties to this Agreement from liability for Plaintiffs' costs or attorneys' fees

H.   **Execution in Counterparts; Facsimile Signatures.**  This Agreement may be executed in one or more duplicate counterparts, all of which taken together shall constitute the complete Agreement.  A faxed signature shall have the same force and effect as an original signature.

**FOR PLAINTIFFS:**

Dated: May __14__, 2014

Trustees of the Northern California Tile Industry Pension Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May __14__, 2014

Trustees of the Northern California Tile Industry Health and Welfare Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May __14__, 2014

Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May 14, 2014

Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May 14, 2014

Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May 12, 2014

DAVIS, COWELL & BOWE, LLP

By: _____
John J. Davis, Jr.
Attorneys for Plaintiff Trustees

**FOR DEFENDANT:**

Dated: May 22, 2014

San Jose Construction Co., Inc.

By: _____
John Di Manto
President

Dated: May 22, 2014

MILLER MORTON, CAILLAT & NEVIS LLP

By: _____
Daniel J Nevis
Attorneys for Defendant SJCC

# EXHIBIT 2

# SETTLEMENT AGREEMENT

## I.      PURPOSE

This Settlement Agreement is entered into by and among the following parties:

Plaintiffs:  Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund ("Plaintiffs" or "Trustees").

Defendant:  Homesite Services, Inc. ("Defendant" or "Homesite").

The parties have entered into this Settlement Agreement to compromise and settle all of their differences and claims as described herein.  This Settlement Agreement fully resolves and settles all claims Plaintiffs asserted or could have asserted against Defendant Homesite in the action entitled *Trustees of the Northern Cal. Tile Industry Pension Trust Fund et al. v. Peacock Tile & Marble, Inc.*, Case No. 11-cv-03859-DMR, pending in the United States District Court for the Northern District of California, the Honorable Magistrate Judge Donna M. Ryu presiding (the "Lawsuit").  This Agreement does not settle or resolve any of the Trustees' claims against any other party or Defendant or any other person or entity that may be liable for the harm alleged in the Lawsuit's complaint, excepting Defendant Homesite.

## II.     DEFINITIONS

**A.**   **Agreement.**   The "Agreement" refers to this Settlement Agreement.

**B.**   **Plaintiffs.**   "Plaintiffs" refers to Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund.

**C.**   **Defendant.**   Defendant refers to Homesite Services, Inc.

**D.**   **Other Defendants.**   "Other Defendants" refers to Defendant

San Jose Construction Co. Inc., Defendant S.B.C.C. Inc., Defendant Doug Pavone, and Defendant Pavone Tile & Marble Co. Inc.

E.   **The Parties.** "The Parties" refers to the parties to this Agreement, namely, Plaintiffs and Defendant Homesite.

F.   **Lawsuit.** The "Lawsuit" refers to the action entitled *Trustees of the Northern Cal. Tile Industry Pension Trust Fund et al. v. Peacock Tile & Marble, Inc.*, Case No. 11-cv-03859-DMR, pending in the United States District Court for the Northern District of California, the Honorable Magistrate Judge Donna M. Ryu presiding.

## III.   <u>SETTLEMENT CONSIDERATION</u>

In consideration of the mutual agreements and promises of each other, Plaintiffs and Defendant Homesite hereby agree as follows:

A.   **Monetary Payment.** Defendant Homesite shall pay Plaintiffs $107,000 (ONE HUNDRED AND SEVEN THOUSAND DOLLARS AND NO CENTS) by wire transfer within seven (7) days after Plaintiffs provide Defendant Homesite's attorneys with a copy of this Agreement, executed by Plaintiffs and their attorneys. Defendant Homesite will make the wire transfer to Plaintiffs' attorneys' trust account, the "Davis, Cowell & Bowe Trust Account." Plaintiffs' attorneys will provide wire-transfer instructions Homesite's attorneys before this Agreement is executed.

B.   **Failure to Deliver Checks.** If Defendant Homesite does not make the above-described wire-transfer payment within the time provided-for above (or within such additional time as Plaintiffs may grant in their sole discretion), then Plaintiffs may, at their sole option, either enforce this Agreement through further proceedings in the Lawsuit or declare this Agreement to be null and void. If Plaintiffs declare this Agreement to be null and void, they will be entitled to pursue the claims asserted against Defendant Homesite in the Lawsuit without limitation.

C.   **Dismissal as to Homesite.** In consideration for the settlement payments provided for herein, within seven (7) days after confirmation that the $107,000 check referenced in paragraph III.A has been paid by the bank on which it has been drawn, pursuant to F.R.C.P. 41(a)(1)(ii), the Parties will stipulate to a dismissal with prejudice against Defendant Homesite. The Parties and their counsel will cooperate fully and sign all appropriate documents to effectuate such a dismissal with prejudice.

D. **No Admissions.** The Parties agree that this Agreement represents a compromise for the purpose of settling disputed claims, and nothing contained herein shall be construed as an admission of wrongdoing, fault, liability, or damages by, on behalf of, or with respect to any Party.

## IV.   GOOD FAITH SETTLEMENT

A. **Good Faith Settlement.** With respect to California state law claims asserted in the Amended Complaint, the Parties agree that this is a good-faith settlement within the meaning of California Code of Civil Procedure § 877.

## V.   MUTUAL RELEASES

A. **Plaintiffs' Release.** In consideration for entering into this Agreement and upon receiving the payments provided-for above from Defendant Homesite, Plaintiffs, for themselves and their co-trustees, successors, agents, attorneys, and representatives, agree to release Defendant Homesite and its officers, agents, attorneys and representatives from any and all claims and liability arising out of or related to the acts and events described in the Amended Complaint.

B. **Defendant's Release.** In consideration for entering this Agreement and obtaining the above release and other consideration, Defendant Homesite and their officers, directors, agents, attorneys, and representatives agree to release Plaintiffs and their heirs, agents, attorneys, officers and representatives from any and all claims and liability based on events occurring up to the point of signing this Agreement.

C. **Other Defendants.** This settlement does not in any way limit Plaintiffs' rights to proceed against the Other Defendants, or other individuals or entities that may be responsible for the harm described in the complaint, excepting Defendant Homesite, nor does it in any way limit the Plaintiffs' rights to use the evidence previously obtained in discovery in this action.

D. **California Civil Code § 1542 Waiver.** The Parties acknowledge and agree that the mutual general releases contained in Section V.A and B, above apply to all claims for damages, losses, restitution, or injunction, whether known or unknown, which Plaintiffs may have against Defendant Homesite, or which Defendant Homesite may have against Plaintiffs arising from the acts and events described in the Amended Complaint. Plaintiffs and Defendant Homesite hereby waive application of Cal. Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
> THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
> OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
> WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
> AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## VI.   CONFIDENTIALITY AND PRIVILEGE WAIVERS

**A.**   **Mediation Confidentiality/Privilege.**  In accord with the Confidentiality Agreement the Parties signed at mediation, the Parties agree to waive any mediation confidentiality or privilege, including Federal Rule of Evidence 408, to the extent necessary for enforcing the terms of this Settlement Agreement.

**B.**   **Admissibility of Settlement Agreement.**  This Settlement Agreement shall be admissible in a court of law or other proceeding.

## VII.   MISCELLANEOUS PROVISIONS

**A.**   **Warranty of Authority.**  Each Party who executes this Agreement warrants that he or she has the authority to bind the persons or entities on whose behalf he or she signs and that he or she is authorized to sign on behalf of the principal.

**B.**   **Right to Consult Attorney.**  Each Party acknowledges that each of them has read this Agreement and has had the opportunity to consult with attorneys as to the meaning and legal effect of the Agreement.

**C.**   **Voluntary Execution of Agreement.**  The Parties acknowledge, agree and understand that each of them executes this Agreement voluntarily and without any duress or undue influence on the part of, or on behalf of, any person or entity; and that no promise, inducement or agreement not expressed herein has been made to the others.

**D.**   **Acts in Furtherance of this Agreement.**  The Parties agree to execute, deliver and, where appropriate, file any and all documents required to carry out this Agreement.

**E.**   **Mutual Drafting.**  This Agreement is the product of negotiations and preparation by and among the Parties and their respective counsel.  The Parties agree that this Agreement shall not be deemed prepared or drafted by one Party or another, or by one Party's or another's attorneys.  The language of this Agreement shall be construed according to its fair meaning, and not strictly for or against any of the Parties.  The Parties expressly waive the provisions of Cal. Civ. Code § 1654.

F. **Applicable Law.** This Agreement shall be construed and enforced in accordance with the laws of the United States and, where applicable, California law.

G. **Costs and Fees.** Plaintiffs and Defendant Homesite shall each bear their own costs and attorneys' fees arising from or related to the Action, except in the case of breach by Homesite. This Agreement does not release anyone other than the Parties to this Agreement from liability for Plaintiffs' costs or attorneys' fees

H. **Execution in Counterparts; Facsimile Signatures.** This Agreement may be executed in one or more duplicate counterparts, all of which taken together shall constitute the complete Agreement. A faxed signature shall have the same force and effect as an original signature.

**FOR PLAINTIFFS:**

Dated: May _____ 9 _____, 2014

Trustees of the Northern California Tile Industry Pension Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____ 9 _____, 2014

Trustees of the Northern California Tile Industry Health and Welfare Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____ 9 _____, 2014

Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____

F. **Applicable Law.** This Agreement shall be construed and enforced in accordance with the laws of the United States and, where applicable, California law.

G. **Costs and Fees.** Plaintiffs and Defendant Homesite shall each bear their own costs and attorneys' fees arising from or related to the Action, except in the case of breach by Homesite. This Agreement does not release anyone other than the Parties to this Agreement from liability for Plaintiffs' costs or attorneys' fees

H. **Execution in Counterparts; Facsimile Signatures.** This Agreement may be executed in one or more duplicate counterparts, all of which taken together shall constitute the complete Agreement. A faxed signature shall have the same force and effect as an original signature.

**FOR PLAINTIFFS:**

Dated: May ____ 9 ____, 2014

Trustees of the Northern California Tile Industry Pension Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May ____ 9 ____, 2014

Trustees of the Northern California Tile Industry Health and Welfare Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May ____ 9 ____, 2014

Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____

David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____ 7, 2014

Trustees of the Northern California Tile
Industry Vacation and Holiday Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____ 7, 2014

Trustees of the Northern California Tile
Industry Labor Management Cooperation Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____ 9, 2014

DAVIS, COWELL & BOWE, LLP

By: _____
John J. Davis, Jr.
Attorneys for Plaintiff Trustees

**FOR DEFENDANTS:**

Dated: May _____, 2014

Homesite Services, Inc.

By: _____
[Name]
President

Dated: May _____, 2014

GAGEN MCCOY, MCMAHON, KOSS,
MARKOWITZ & RAINES, A.P.C.

By: _____
Richard Raines
Attorneys for Defendant Homesite
Services, Inc.

Dated: May ___9___, 2014

David Jackson, Trustee
On behalf of all the Fund's Trustees
Trustees of the Northern California Tile
Industry Vacation and Holiday Trust Fund

By: _____

Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____

David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May ___9___, 2014

Trustees of the Northern California Tile
Industry Labor Management Cooperation Trust Fund

By: _____

Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____

David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May ___8___, 2014

DAVIS, COWELL & BOWE, LLP

By: _____

John J. Davis, Jr.
Attorneys for Plaintiff Trustees

**FOR DEFENDANTS:**

Dated: May ___13___, 2014

Homesite Services, Inc.

By: _____

[Name] Tina Tomei
President

Dated: May ___12___, 2014

GAGEN MCCOY, MCMAHON, KOSS,
MARKOWITZ & RAINES, A.P.C.

By: _____

Richard Raines
Attorneys for Defendant Homesite
Services, Inc.

# EXHIBIT 3

<u>**SETTLEMENT AGREEMENT**</u>

**I.     <u>PURPOSE</u>**

This Settlement Agreement is entered into by and among the following parties:

Plaintiffs:  Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund ("Plaintiffs" or "Trustees").

Defendant:  S.B.C.C. Inc. d/b/a South Bay Construction Inc. ("Defendant" or "SBCC").

The parties have entered into this Settlement Agreement to compromise and settle all of their differences and claims as described herein.  This Settlement Agreement fully resolves and settles all claims Plaintiffs assert against Defendant SBCC in the action entitled *Trustees of the Northern Cal. Tile Industry Pension Trust Fund et al. v. Peacock Tile & Marble, Inc.*, Case No. 11-cv-03859-DMR, pending in the United States District Court for the Northern District of California, the Honorable Magistrate Judge Donna M. Ryu presiding (the "Lawsuit").  This Agreement does not settle or resolve any of the Trustees' claims against any other party or Defendant or any other person or entity that may be liable for the harm alleged in the Lawsuit's complaint, excepting Defendant SBCC.

This Settlement Agreement reflects the written agreement and settlement terms to which Plaintiffs and Defendant SBCC agreed at the March 4, 2014, mediation with Mediator Joseph R. Grodin, and subsequent discussions between counsel for Plaintiffs and Defendant SBCC.

**II.     <u>DEFINITIONS</u>**

|     |     |     |
|-----|-----|-----|
| **A.** | **Agreement.** | The "Agreement" refers to this Settlement Agreement. |
| **B.** | **Plaintiffs.** | "Plaintiffs" refers to Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund. |
| **C.** | **Defendant.** | Defendant refers to S.B.C.C., Inc., also known as South Bay Construction Company. |

D.  **Other Defendants.**  "Other Defendants" refers to Defendant San Jose Construction Co. Inc., Defendant Homesite Services Inc., Defendant Doug Pavone, and Defendant Pavone Tile & Marble Co. Inc.

E.  **The Parties**.  "The Parties" refers to the parties to this Agreement, namely, Plaintiffs and Defendant SBCC.

F.  **Lawsuit**.  The "Lawsuit" refers to the action entitled *Trustees of the Northern Cal. Tile Industry Pension Trust Fund et al. v. Peacock Tile & Marble, Inc.*, Case No. 11-cv-03859-DMR, pending in the United States District Court for the Northern District of California, the Honorable Magistrate Judge Donna M. Ryu presiding.

## III.  <u>SETTLEMENT CONSIDERATION</u>

In consideration of the mutual agreements and promises of each other, Plaintiffs and Defendant SBCC hereby agree as follows:

A.  **Monetary Payment.**  Defendant SBCC shall pay Plaintiffs $250,000 (TWO HUNDRED FIFTY THOUSAND DOLLARS AND NO CENTS) by delivering a series of checks, by the dates specified below, to Plaintiffs' attorneys, Davis, Cowell & Bowe, LLP.  All of the below-described checks shall be made payable to the "Davis, Cowell & Bowe Trust Account."

1.  Within 10 days of the execution of this Agreement, Defendant SBCC shall deliver a check in the amount of $100,000 (ONE HUNDRED THOUSAND DOLLARS AND NO CENTS).  This sum will be held in the Davis, Cowell & Bowe Trust Account pending the Court's approval of the Parties' Stipulation re Settlement and Dismissal of SBCC.

2.  By June 15, 2014, Defendant SBCC shall deliver a check in the amount of $50,000 (FIFTY THOUSAND DOLLARS AND NO CENTS).

3.  By September 15, 2014, Defendant SBCC shall deliver a check in the amount of $50,000 (FIFTY THOUSAND DOLLARS AND NO CENTS).

4.  By December 15, 2014, Defendant SBCC shall deliver a check in the amount of $50,000 (FIFTY THOUSAND DOLLARS AND NO CENTS) to Plaintiffs' attorneys, Davis, Cowell & Bowe, LLP.

B. **Failure to Deliver Checks.** If Defendant SBCC does not deliver the above-described checks by the dates above (or within such additional time as Plaintiffs may grant in their sole discretion), or if any check is not paid by the bank on which it is drawn, then Plaintiffs will give notice of default to SBCC's attorneys and SBCC will have five days within which to cure the default. Should SBCC not cure the default within five days, Plaintiffs may, at their sole option, either enforce this Agreement through further proceedings in the Lawsuit or declare this Agreement to be null and void. If Plaintiffs declare this Agreement to be null and void, they will be entitled to pursue the claims asserted against Defendant SBCC in the Lawsuit without limitation. Any litigation for the purposes described in this Paragraph will be governed by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

C. **Allocation of monies paid.** The monies paid by SBCC pursuant to this Agreement will be allocated as follows:

| | | |
|---|---|---|
| Fringe Benefit Contributions: | 50.2% | $125,500 |
| Liquidated Damages: | 10.0% | $25,000 |
| Interest: | 15.6% | $39,000 |
| Attorneys' Fees: | 23.2% | $58,000 |
| Auditors' Fees | 1.0% | $2,500 |

D. **Dismissal as to SBCC.** In consideration for the settlement payments provided for herein, upon Defendant SBCC's payment of the amount provided-for in Paragraph III.A.1. above, Plaintiffs' claims against Defendant SBCC will be dismissed without prejudice. Upon payment of all amounts provided-for in Paragraph III.A, all of Plaintiffs' claims against Defendant SBCC alleged in this Action will be dismissed with prejudice.

E. **No Admissions.** The Parties agree that this Agreement represents a compromise for the purpose of settling disputed claims, and nothing contained herein shall be construed as an admission of wrongdoing, fault, liability, or damages by, on behalf of, or with respect to any Party.

IV. **EXECUTION AND FILING OF STIPULATION & PROPOSED ORDER INCORPORATING SETTLEMENT AGREEMENT**

A. **Filing Stipulation & Order; Dismissal as to SBCC.** With 15 days after (1) execution of this Agreement, and (2) confirmation that the $100,000 check referenced in paragraph III.A.1 has been paid by the bank on which it has been drawn, Plaintiffs and SBCC will promptly execute and file a Stipulation and Order with the Court, incorporating the terms of this Settlement Agreement, stipulating to dismissal of the claims asserted against SBCC in the Amended Complaint Plaintiffs' claims as provided-for in Paragraph III. C. above.

**B.** **Court's Retention of Jurisdiction.**  Plaintiffs and SBCC agree and stipulate that the Court will retain jurisdiction to enforce this Settlement Agreement or for further proceedings as provided-for in Paragraph III.B. above.

**C.** **Good Faith Settlement.** With respect to California state law claims asserted in the Amended Complaint, the Parties agree that this is a good-faith settlement within the meaning of California Code of Civil Procedure section 877.

## V.    MUTUAL RELEASES

**A.** **Plaintiffs' Release.**  In consideration for entering into this Agreement and upon receiving the payments provided-for above from Defendant SBCC, Plaintiffs, for themselves and their co-trustees, successors, agents, attorneys, and representatives, agree to release Defendant SBCC and its officers, agents, attorneys and representatives from any and all claims and liability arising from the acts and events described in the Amended Complaint.

**B.** **Defendant's Release.**  In consideration for entering this Agreement and obtaining the above release and other consideration, Defendant SBCC and their officers, directors, agents, attorneys, and representatives agree to release Plaintiffs and their heirs, agents, attorneys, officers and representatives from any and all claims and liability based on events occurring up to the point of signing this Agreement.

**C.** **Other Defendants.** This settlement does not in any way limit Plaintiffs' rights to proceed against the Other Defendants, or other individuals or entities that may be responsible for the harm described in the complaint, excepting Defendant SBCC, nor does it in any way limit the Plaintiffs' rights to use the evidence previously obtained in discovery in this action.

**D.** **California Civil Code § 1542 Waiver.**  The Parties acknowledge and agree that the mutual general releases contained in Section V.A and B, above apply to all claims for damages, losses, restitution, or injunction, whether known or unknown, which Plaintiffs may have against Defendant SBCC, or which Defendant SBCC may have against Plaintiffs arising from the acts and events described in the Amended Complaint.  Plaintiffs and Defendant SBCC hereby waive application of Cal. Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

## VI.   CONFIDENTIALITY AND PRIVILEGE WAIVERS

**A.**   **Mediation Confidentiality/Privilege.**  In accord with the Confidentiality Agreement the Parties signed at mediation, the Parties agree to waive any mediation confidentiality or privilege, including Federal Rule of Evidence 408, to the extent necessary for enforcing the terms of this Settlement Agreement.

**B.**   **Admissibility of Settlement Agreement.**  This Settlement Agreement shall be admissible in a court of law or other proceeding.

## VII.   MISCELLANEOUS PROVISIONS

**A.**   **Warranty of Authority.**  Each Party who executes this Agreement warrants that he or she has the authority to bind the person or entity on whose behalf he or she signs and that he or she is authorized to sign on behalf of the principal.

**B.**   **Right to Consult Attorney.**  Each Party acknowledges that each of them has read this Agreement and has had the opportunity to consult with attorneys as to the meaning and legal effect of the Agreement.

**C.**   **Voluntary Execution of Agreement.** The Parties acknowledge, agree and understand that each of them executes this Agreement voluntarily and without any duress or undue influence on the part of, or on behalf of, any person or entity; and that no promise, inducement or agreement not expressed herein has been made to the others.

**D.**   **Acts in Furtherance of this Agreement.**  The Parties agree to execute, deliver and, where appropriate, file any and all documents required to carry out this Agreement.

**E.**   **Mutual Drafting.**  This Agreement is the product of negotiations and preparation by and among the Parties and their respective counsel.  The Parties agree that this Agreement shall not be deemed prepared or drafted by one Party or another, or by one Party's or another's attorneys.  The language of this Agreement shall be construed according to its fair meaning, and not strictly for or against any of the Parties.  The Parties expressly waive the provisions of Cal. Civ. Code § 1654.

**F.**   **Applicable Law.**  This Agreement shall be construed and enforced in accordance with the laws of the United States and, where applicable, California law.

**G.**   **Costs and Fees.**  Plaintiffs and Defendant SBCC shall each bear their own costs and attorneys' fees arising from or related to the Action, except as allocated in Paragraph III.C. above, and except in the case of breach by SBCC.  This

Agreement does not release anyone other than the Parties to this Agreement from liability for Plaintiffs' costs or attorneys' fees

**H.     Execution in Counterparts; Facsimile Signatures.** This Agreement may be executed in one or more duplicate counterparts, all of which taken together shall constitute the complete Agreement. A faxed signature shall have the same force and effect as an original signature.

**FOR PLAINTIFFS:**

Dated: May _____, 2014

Trustees of the Northern California Tile Industry Pension Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____, 2014

Trustees of the Northern California Tile Industry Health and Welfare Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____, 2014

Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____ /, 2014

Trustees of the Northern California Tile
Industry Vacation and Holiday Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____ /, 2014

Trustees of the Northern California Tile
Industry Labor Management Cooperation Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: April 30, 2014

DAVIS, COWELL & BOWE, LLP

By: _____
John J. Davis, Jr.
Attorneys for Plaintiff Trustees

**FOR DEFENDANT:**

Dated: May _____, 2014

S.B.C.C., Inc., d/b/a South
Bay Construction, Inc.

By: _____
Richard Furtado
President

Dated: May _____, 2014

SWEENEY, MASON, WILSON &
BOSOMWORTH, P.L.C.

By: _____
Roger Mason
Attorneys for Defendant SBCC

Dated: May _____, 2014

Trustees of the Northern California Tile
Industry Vacation and Holiday Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May _____, 2014

Trustees of the Northern California Tile
Industry Labor Management Cooperation Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: April 30, 2014

DAVIS, COWELL & BOWE, LLP

By: _____
John J. Davis, Jr.
Attorneys for Plaintiff Trustees

**FOR DEFENDANT:**

Dated: May 16, 2014

S.B.C.C., Inc., d/b/a South
Bay Construction, Inc.

By: _____
Richard Furtado
President

Dated: May 1, 2014

SWEENEY, MASON, WILSON &
BOSOMWORTH, P.L.C.

By: _____
Roger Mason
Attorneys for Defendant SBCC