**DAVIS, COWELL & BOWE, LLP**
JOHN J. DAVIS, JR., SBN 65594   *jjdavis@dcbsf.com*
SARAH GROSSMAN-SWENSON, SBN 259792   *sgs@dcbsf.com*
595 Market Street, Suite 1400
San Francisco, CA 94105
Tel.: (415) 597-7200      Fax: (415) 597-7201
*Attorneys for Plaintiffs*

**KORNFIELD, NYBERG, BENDES & KUHNER P.C.**
CHRIS D. KUHNER, SBN 173291   *c.kuhner@kornfieldlaw.com*
1970 Broadway, Suite 225
Oakland, CA 94612
Tel: (510) 763-1000      Fax: (510) 273-8669
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES of the NORTHERN CALIFORNIA TILE INDUSTRY PENSION TRUST FUND; TRUSTEES of the NORTHERN CALIFORNIA TILE INDUSTRY HEALTH AND WELFARE TRUST FUND; TRUSTEES of the NORTHERN CALIFORNIA TILE INDUSTRY APPRENTICESHIP AND TRAINING TRUST FUND; TRUSTEES of the NORTHERN CALIFORNIA TILE INDUSTRY VACATION AND HOLIDAY TRUST FUND; and TRUSTEES of the NORTHERN CALIFORNIA TILE INDUSTRY LABOR MANAGEMENT COOPERATION TRUST FUND; <br><br> Plaintiffs, <br><br> v. <br><br> PEACOCK TILE AND MARBLE, INC., a California corporation; CHRISTYNE GRACE PAVONE; and DOES 1-10, <br><br> Defendants. | Case No. CV 11-3859 DMR <br><br> **CONSENT DECREE PURSUANT TO SETTLEMENT AGREEMENT BETWEEN PLAINTIFFS AND DEFENDANT DOUG PAVONE** <br><br><br> Filed:      August 5, 2011 <br><br> Judge:     Magistrate Judge Donna Ryu <br>                Courtroom No. 4 <br>                3rd Floor <br>                Oakland Courthouse <br>                1301 Clay Street <br>                Oakland, CA 94612 |

Plaintiffs Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund ("Trustees") allege in this action that Defendant Pavone Tile and Marble, Inc. ("Pavone Tile") and its president, Defendant Doug Pavone, collaborated with Peacock Tile and Marble, Inc. ("Peacock Tile") in evading Pavone Tile's obligations to make fringe-benefit contributions to Plaintiffs under its collective-bargaining agreement with Bricklayers and Allied Crafts Local Union No. 3.  Plaintiffs allege that Peacock Tile is the labor-law alter ego of Pavone Tile.  They seek damages and injunctive relief.

The Trustees and Mr. Pavone have reached a settlement agreement, Exhibit 1 hereto, the terms of which are incorporated herein by this reference.  They respectfully request that the Court enter the Settlement Agreement's terms as a consent decree.  Under that agreement:

1.     The Court will enter judgment for the Trustees and against Defendant Doug Pavone in the amount of $1,426,226.00.  The judgment consists of fringe-benefit contributions for the period June 23, 2011 through December 31, 2012; liquidated damages and interest on those contributions; attorneys' fees and litigation expenses; and auditors' fees.  Except for the $10,000.00 payment discussed in Paragraph 2, payment of the amount set forth above will not be required so long as Mr. Pavone complies with Paragraphs 2 through 5 below.

2.     Mr. Pavone will pay Plaintiffs Ten Thousand Dollars and No Cents ($10,000.00) in monthly installments of One Thousand Dollars and No Cents ($1,000.00). Defendant will make payments beginning on June 15, 2014 and on the first day of each succeeding month until all installments have been paid.  Mr. Pavone's payments shall be made payable to the "Davis, Cowell & Bowe Trust Account" and delivered to Plaintiffs' attorneys, Davis, Cowell & Bowe, LLP.

3.     Mr. Pavone will surrender any California Contractor's License he holds no later than June 15, 2014 and ask the Contractors State License Board to cancel it.

4.     Mr. Pavone, and all persons acting in concert or participation with him, are permanently enjoined from:

Consent Decree                                                    Case No.  CV 11-3859 DMR

a.   holding any contractor's license in the following classifications, or performing contractor's work covered by the following classifications:

C-54   Ceramic and mosaic tile contractor;

C-15   Flooring and floor covering contractor;

C-29   Masonry contractor;

C-61   Limited specialty contractor;

or using a Class A or Class B contractor's license to perform work covered by the classifications set forth above; *provided*, however, that if Defendant lawfully obtains a Class A or Class B contractor's license, as a general or prime contractor Defendant will be free to engage an independent, properly licensed C-54, C-15, C-29 or C-61 subcontractor;

b.   acting as a construction contractor, contractor's license qualifier (*i.e.*, responsible managing officer or responsible managing employee), investor, owner, co-owner, shareholder, construction manager, superintendent, supervisor or consultant in the construction industry on work covered by the license classifications set forth in subparagraph (a) above; *provided*, however, that Mr. Pavone will not be prohibited from employment as a journeyman or foreman working with the tools of the trade;

c.   conducting or engaging in any form of unfair competition under California Business and Professions Code section 17200, et seq.;

d.   taking part in any device, scheme or artifice to work as a contractor in the classifications listed above;

e.   transferring any ownership interest in Pavone Tile & Marble, Inc. or Peacock Tile & Marble, Inc. to any individual or entity.

6.   Upon approval by the Court, the Clerk shall enter this Consent Decree as a judgment.

//
//
//
//
//

2

**IT IS SO STIPULATED.**

Dated: June 5, 2014                          **KORNFIELD, NYBERG, BENDES & KUHNER P.C.**

                                             By: ___*/s/ Chris D. Kuhner*_____
                                                      Chris D. Kuhner
                                             Attorneys for Defendant Doug Pavone


Dated: June 5, 2014                          **DAVIS, COWELL & BOWE, LLP**
                                             *I attest that concurrence in the filing of this*
                                             *document has been obtained from each of the*
                                             *other signatories indicated by a /s/.*


                                             By: ___*/s/ John J. Davis, Jr.*_____
                                                      John J. Davis, Jr.
                                                   Sarah Grossman-Swenson
                                                   Attorneys for Plaintiffs


**IT IS SO ORDERED.**


Dated: ___June 17_____, 2014            _____

                                                      **DONNA M. RYU**
                                             **United States Magistrate Judge**

Consent Decree                                              Case No.  CV 11-3859 DMR

# EXHIBIT 1

# SETTLEMENT AGREEMENT

## I.    PURPOSE

This Settlement Agreement is entered into by and among the following parties:

Plaintiffs: Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund ("Plaintiffs" or "Trustees").

Defendant: Doug Pavone, sometimes doing business as "Pavo Enterprises," ("Defendant").

The parties have entered into this Settlement Agreement to compromise and settle all of their differences and claims as described herein. This Settlement Agreement fully resolves and settles all claims against Defendant raised in the action entitled, *Trustees of the Northern Cal. Tile Industry Pension Trust Fund et al. v. Peacock Tile & Marble, Inc.*, Case No. 11-cv-03859-DMR, pending in the United States District Court for the Northern District of California, the Honorable Magistrate Judge Donna M. Ryu presiding (the "Lawsuit"). This Agreement does not settle or resolve any of the Trustees' claims against any other person or entity that may be liable for the harm alleged in the Lawsuit's complaint, excepting Defendant Doug Pavone.

## II.    DEFINITIONS

    **A.**    **Agreement.**    The "Agreement" refers to this Settlement Agreement.

    **B.**    **Plaintiffs.**    "Plaintiffs" refers to Trustees of the Northern California Tile Industry Pension Trust Fund; Trustees of the Northern California Tile Industry Health and Welfare Trust Fund; Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund; Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund; and Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund.

    **C.**    **Defendant.**    "Defendant" refers to Doug Pavone and Pavo Enterprises.

    **D.**    **The Parties.**    "The Parties" refers to Plaintiffs and Defendant.

    **E.**    **Lawsuit.**    The "Lawsuit" refers to the action entitled *Trustees of the Northern Cal. Tile Industry Pension Trust Fund et al. v. Peacock Tile & Marble, Inc.*, United States District Court for the Northern District of California Case No. 11-cv-03859-DMR.

## III.   SETTLEMENT CONSIDERATION

In consideration of the mutual agreements and promises of each other, the Parties hereby agree:

**A.    Monetary Provisions.**

1.   Judgment will be entered for the Trustees and against Defendant Doug Pavone in the amount of One Million, Four Hundred Twenty-six Thousand, Two Hundred Twenty-six Dollars ($1,426,226.00) based on work performed after June 22, 2011.  Except as provided below, the monetary portion of the judgment will not be enforced against Defendant so long as Defendant complies with this Agreement.

2.   The Parties agree that no withdrawal liability is owed to the Northern California Tile Industry Pension Trust Fund because that Fund has no unfunded vested liability as of the date of this Agreement.

3.   Defendant will pay Plaintiffs Ten Thousand Dollars and No Cents ($10,000.00) in monthly installments of One Thousand Dollars and No Cents ($1,000.00). Defendant will make payments beginning on June 15, 2014 and on the first day of each succeeding month until all installments have been paid.  All of Defendant's payments shall be made payable to the "Davis, Cowell & Bowe Trust Account" and delivered to Davis, Cowell & Bowe, LLP c/o John J. Davis, Jr.

**B.    Failure to Deliver Payments.**  If Defendant does not deliver the above-described payments by the dates above (or within such additional time as Plaintiffs may grant in their sole discretion), or if any check is not paid by the bank on which it is drawn, then Plaintiffs may, at their sole option, either enforce this Agreement through further proceedings in the Lawsuit or declare this Agreement to be null and void.  If Plaintiffs declare this Agreement to be null and void, they will be entitled to pursue the claims asserted against Defendant in the Lawsuit without limitation.  Any litigation for the purposes described in this Paragraph will be governed by Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2).

**C.    Non-Monetary Consideration.**  No later than June 15, 2014, Defendant will surrender any California Contractor's License he holds and ask the Contractors State License Board to cancel it.  Defendant, and all persons acting in concert or participation with him, will be permanently enjoined from:

1.   holding any contractor's license in the following classifications, or performing contractor's work covered by the following classifications:

C-54   Ceramic and mosaic tile contractor;
C-15   Flooring and floor covering contractor;

C-29    Masonry contractor;

C-61    Limited specialty contractor;

or using a Class A or Class B contractor's license to perform work covered by the classifications set forth above; *provided*, however, that if Defendant lawfully obtains a Class A or Class B contractor's license, as a general or prime contractor Defendant will be free to engage an independent, properly licensed C-54, C-15, C-29 or C-61 subcontractor;

2.      acting as a construction contractor, contractor's license qualifier (*i.e.*, responsible managing officer or responsible managing employee), investor, owner, co-owner, shareholder, construction manager, superintendent, supervisor or consultant in the construction industry on work covered by the license classifications set forth in subparagraph (1) above; *provided*, however, that Defendant will not be prohibited from employment as a journeyman or foreman working with the tools of the trade;

3.      conducting or engaging in any form of unfair competition under California Business and Professions Code section 17200, et seq.;

4.      taking part in any device, scheme or artifice to work as a contractor in the classifications listed in Part III.C.1. above;

5.      transferring any ownership interest in Pavone Tile & Marble, Inc. or Peacock Tile & Marble, Inc. to any individual or entity.

## IV.     EXECUTION AND FILING OF CONSENT DECREE INCORPORATING SETTLEMENT AGREEMENT

A.      **Filing Consent Decree.**  After the Parties fully execute this Settlement Agreement, the Parties will promptly execute and file with the Court a Consent Decree incorporating the terms of this Settlement Agreement.

B.      **Court's Retention of Jurisdiction.**  The Parties agree and stipulate that the Court will retain jurisdiction over this case to enforce the terms of this Settlement Agreement and the Consent Decree in the event that it is breached.

## V.      MUTUAL RELEASES

A.      **Plaintiffs' Release.**  In consideration for entering into this Agreement and obtaining the Settlement Payment outlined above from Defendant, Plaintiffs, for themselves and their co-trustees, successors, agents, attorneys and representatives agree to release Defendant from any and all claims and liability arising from the

collective bargaining agreements, Trust Agreements, and any other agreements obligating Defendant to make fringe-benefit contributions to the Plaintiff Trustees. Plaintiffs' release does not extend to claims against any other person or entity that may be liable for the harm alleged in the Lawsuit's complaint, excepting Defendant.

**B.** **Defendant's Release.** In consideration for entering this Agreement and obtaining the above release and other consideration, Defendant and his agents, assigns, attorneys, representatives and successors in interest agree to release Plaintiffs and their heirs, agents, attorneys, officers and representatives from any and all claims and liability based on events occurring up to the point of signing this Agreement.

**C.** **Other Defendants.** This settlement does not in any way limit Plaintiffs' rights to proceed against individuals or entities, other than Defendant, who or that may be responsible for the harm described in the complaint, nor does it in any way limit the Plaintiffs' rights to use the evidence previously obtained in discovery in this action.

**D.** **California Civil Code § 1542 Waiver.** The Parties acknowledge and agree that the mutual general releases contained in Section V. A and B, above, apply to all claims for damages, losses, restitution, or injunction, whether known or unknown, which Plaintiffs may presently have against Defendant, or which Defendant may presently have against Plaintiffs. The Parties hereby waive application of Cal. Civil Code § 1542, which provides that:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

**E.** **Attorneys' Fees, Costs and Expenses.** Each Party will bear his or her own attorneys' fees, costs and other expenses incurred in connection with the Lawsuit.

## VI.   CONFIDENTIALITY AND PRIVILEGE WAIVERS

**B.** **Mediation Confidentiality/Privilege.** In accord with the Confidentiality Agreement the Parties signed at mediation, the Parties agree to waive any mediation confidentiality or privilege, including Federal Rule of Evidence 408, to the extent necessary for enforcing the terms of this Settlement Agreement.

**C.** **Admissibility of Settlement Agreement.** This Settlement Agreement shall be admissible in a court of law or other proceeding.

## VII.   MISCELLANEOUS PROVISIONS

**A.**   **Withdrawal of Subpoenas.**  Upon execution of this Agreement, Plaintiff will notify any witness served with a subpoena and/or deposition notice that their deposition will not proceed.

**B.**   **Warranty of Authority.**  Each Party who executes this Agreement warrants that he or she has the authority to bind the person or entity on whose behalf he or she signs and that he or she is authorized to sign on behalf of the principal.

**C.**   **Right to Consult Attorney.**  Each Party acknowledges that each of them has read this Agreement and has had the opportunity to consult with attorneys as to the meaning and legal effect of the Agreement.

**D.**   **Voluntary Execution of Agreement.** The Parties acknowledge and agree that each of them executes this Agreement voluntarily and without any duress or undue influence on the part of, or on behalf of, any person or entity; and that no promise, inducement or agreement not stated herein has been made to the others.

**E.**   **Acts in Furtherance.**  The Parties will execute, deliver and, where appropriate, file any and all documents required to carry out this Agreement.

**F.**   **Mutual Drafting.**  This Agreement is the product of negotiations and preparation by and among the Parties and their respective counsel.  The Parties agree that this Agreement shall not be deemed prepared or drafted by one Party or another, or by one Party's or another's attorneys.  The language of this Agreement shall be construed according to its fair meaning, and not strictly for or against any of the Parties.  The Parties expressly waive the provisions of Cal. Civ. Code § 1654.

**G.**   **Applicable Law.**  This Agreement shall be construed and enforced in accordance with the laws of the State of California and, where applicable, federal labor law.

**H.**   **Execution in Counterparts; Facsimile Signatures.**  This Agreement may be executed in one or more duplicate counterparts, all of which taken together shall constitute the complete Agreement.  A faxed signature shall have the same force and effect as an original signature.

**FOR PLAINTIFFS:**

Dated: May 30, 2014

Trustees of the Northern California Tile
Industry Pension Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May 30 , 2014

Trustees of the Northern California Tile Industry Health and Welfare Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May 30 , 2014

Trustees of the Northern California Tile Industry Apprenticeship and Training Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May 30 , 2014

Trustees of the Northern California Tile Industry Vacation and Holiday Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May 30 , 2014

Trustees of the Northern California Tile Industry Labor Management Cooperation Trust Fund

By: _____
Tommy A. Conner, Trustee
On behalf of all the Fund's Trustees

By: _____
David Jackson, Trustee
On behalf of all the Fund's Trustees

Dated: May **30**, 2014

DAVIS, COWELL & BOWE, LLP

By: _____
John J. Davis, Jr.
Attorneys for Plaintiff Trustees

**FOR DEFENDANT:**

Dated: May **29**, 2014

Doug Pavone, an individual

_____
Doug Pavone

Dated: May **30**, 2014

KORNFIELD, NYBERG, BENDES &
KUHNER, P.C.

By: _____
Chris D. Kuhner
Attorneys for Defendant Doug Pavone